UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL S. SCZYREK,                :
                                   :
       Petitioner                  :   No. 4:05-CV-0975
                                   :
   vs.                             :   Petition Filed 05/16/05
                                   :
COMMONWEALTH OF PENNSYLVANIA,      :   (Judge Muir)
LACKAWANNA COUNTY PRISON, and      :
WARDEN PAUL L. JENNINGS,           :
                                   :
       Respondents                 :   (Magistrate Judge Smyser)

**<u>ORDER</u>**

June 28, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On May 16, 2005, Petitioner Michael S. Sczyrek, while an inmate at the Lackawanna County Prison in Scranton, Pennsylvania, filed a habeas corpus petition. Sczyrek alleges in the petition that the judge who sentenced him in the Court of Common Pleas of Lackawanna County has signed an order transferring Sczyrek from the community service program to the work release program, yet the authorities at the Lackawanna County Prison will not effect the transfer.

On May 26, 2005, the Clerk of Court issued an order requiring Sczyrek to pay, within 30 days after the date of the order, either the $5.00 filing fee or an application to proceed *in forma pauperis.*

This case was assigned to us but referred to Magistrate Judge J. Andrew Smyser for preliminary consideration. On May 27, 2005, Magistrate Judge Smyser issued a report recommending that Sczyrek's petition be denied for his failure to exhaust his available state remedies. Magistrate Judge Smyser notes in his report that Sczyrek apparently intended to file his petition in the Court of Common Pleas of Lackawanna County because that is the court identified in the caption of Sczyrek's petition. In addition, nothing in the body of the petition indicates that Sczyrek has made any attempt to pursue any relief in the Pennsylvania state courts.

The time allowed for Sczyrek to file objections to the Report and Recommendation expired on June 16, 2005, and to this date no objections have been filed. Our review of the docket shows that on June 1, 2005, the copy of the Report and Recommendation sent by the court to Sczyrek was returned with the following notation on the envelope: "RTS not at LCP." We interpret the notation to mean "return to sender [Sczyrek] not at Lackawanna County Prison." A second attempt by the Clerk of Court to send the Report and Recommendation to Sczyrek yielded the same result. An entry to the docket made by the Clerk of Court on June 16, 2005, states the following: "Contacted prison and no forwarding address."

When no objections are filed to the report of a Magistrate Judge, we need only review that report as we in our discretion deem appropriate.  Thomas v. Arn, 474 U.S. 145, 151-52 (1985).

It is well settled that, in the absence of exceptional circumstances, a federal court will not entertain a habeas corpus petition until the petitioner has exhausted his or her available state remedies. 28 U.S.C. §2254(b), (c); Picard v. Connor, 404 U.S. 270, 275 (1971); Doctor v. Walter, 96 F.3d 675 (3d Cir. 1996).  A state prisoner is required to provide the state courts with "the first opportunity to pass on alleged defects in the criminal proceedings leading to their convictions." Santana v. Fenton, 685 F.2d 71, 77 (3d Cir. 1982), cert. denied, 459 U.S. 1115 (1983). Sczyrek bears the burden of proving that he has exhausted all available state remedies. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

Sczyrek is clearly required to exhaust his state law post-conviction remedies before filing a federal habeas petition unless exceptional circumstances exist.  Sczyrek has not asserted that such circumstances exist.

The claim in Sczyrek's pending habeas petition has not been exhausted in state court.  We agree with the Magistrate Judge's conclusion that the petition should be dismissed for that reason.

The record also establishes that Sczyrek has failed to keep the court informed of his correct address. Local Rule 83.18, entitled "Appearance of Parties Not Represented by Counsel," states in part that "[w]henever a party by whom ... an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of ... papers in the action may be served upon such party." Sczyrek has violated that rule.

We further note that the deadline for Sczyrek to comply with the order of May 26, 2005, by either paying the filing fee or filing an application to proceed *in forma pauperis* expired on June 27, 2005. Sczyrek has violated that order by failing to respond to it in any manner.

Sczyrek's failure to maintain a current address with the Clerk of Court and his violation of the May 26, 2005, order render this case subject to involuntary dismissal pursuant to Federal Rule of Civil Procedure 41(b) for Sczyrek's failure to prosecute this case. Although a dismissal pursuant to that rule is usually with prejudice, we will dismiss this case without prejudice to Sczyrek's right to pursue any relief in the Pennsylvania courts.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Magistrate Judge Smyser's Report and Recommendation filed on May 27, 2005, (Document 5) is adopted *in toto*.

2. Sczyrek's petition for writ of habeas corpus (Document 1) is dismissed without prejudice.

3. The Clerk of Court shall close this file.

4. Any appeal from this order will be deemed lacking in probable cause, i.e., a substantial showing of the denial of a constitutional right, and a certificate of appealability will not issue.

s/Malcolm Muir<br>MUIR, U. S. District Judge

MM:ga